IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE KIARA JONES,

      Debtor,

KIARA JONES,

      Plaintiff,

v.

MINTO FINANCIAL D/B/A
MINTO MONEY,

      Defendant.

Bankruptcy Case Number
22-80637-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Kiara Jones ("Jones"), makes the following allegations in her complaint against the Defendant, Minto Financial d/b/a Minto Money ("Minto Money").

## PARTIES

1. Jones is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on April 15, 2022.

2. Minto Money is a wholly owned subsidiary of Benhti Economic Development Corporation, a sovereign economic arm, enterprise and instrumentality of, and created under the laws of and for the benefit of, the Native Village of Minto, a federally recognized sovereign American Indian tribe in Alaska. At all times material to this complaint, Minto Money regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Jones did business with Minto Money within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Jones's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Jones and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

4. As this honorable Court is aware, on June 15, 2023, the United States Supreme Court held in *Lac du Flambeau Bank of Lake Superior Chippewa Indians et al. v. Coughlin*, that the Bankruptcy Code evinces Congress's clear intent to unambiguously abrogate the sovereign immunity of any and every type of government, including Indian tribes, arising from the definition of 11 U.S.C. § 101(27). As a result, Native American tribes and their business units are subject to suit before the U.S. Bankruptcy Courts.

## BACKGROUND FACTS AND NATURE OF ACTION

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her Chapter 13 petition a list of creditors with their names and addresses. Contained in that list was Minto Money.

6. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing and 341 Meeting of Creditors to Minto Money via first class mail from the Bankruptcy Noticing Center on April 17, 2022. (See Exhibit 1 - BNC Certificate of Notice).

7. As a result of Minto Money being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of his Chapter 13 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Jones's bankruptcy case.

8. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Jones's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Minto

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

Money from attempting to collect from Jones any pre-petition obligation owed by Jones to Minto Money.

9. The Plaintiff asserts that despite having both actual and constructive notice of the commencement of Jones bankruptcy case, Minto Money debited Jones's account and sent and email to Jones in an attempt to collect a prepetition debt owed by Jones to Minto Money in violation of 11 U.S.C. §362(a)(6).

10. Jones brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

11. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both actual and constructive notice of the commencement of the Debtor's bankruptcy case, Minto Money debited Jones's account and sent an email to Jones in an attempt to collect a pre-petition obligation owed by Jones to Minto Money. The Plaintiff asserts that the Defendant's actions constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6).

12. Minto Money debited Jones's bank account on or about April 29, 2022 in the amount of $200.57. The Plaintiff asserts that the post-petition draft by Minto Money constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6). (See Exhibit 2 – Debtor's Bank Statement). After the bank draft by Minto Money, the debtor visited her bank and paid a fee to stop payments to Minto Money.

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

13. On May 16, 2022, Minto Money sent an email to Jones titled: "Notice of Account in Collections." The email stated: "Our records indicate that your bank returned your recent payment of $200.57 that was due on 4/29/2022 as R07. Your account is now in collections, and the current outstanding balance is $1,170.59. To avoid this account being placed with Third Part Collection Agency, we have several options available to you." The email then lists several payment options and provides a link to their website to make a payment. The Plaintiff asserts that the post-petition email from Minto Money constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6). (See Exhibit 3 – Minto Money Email 5-16-22).

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

15. Jones has sustained injury and damage as a result of the defendant's violations of the automatic stay. Under 11 U.S.C. §362(k)(1), Jones is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Minto Money for its willful and intentional violations of the automatic stay. The post-petition collection activity, after receiving notice of Jones's bankruptcy, indicates that Minto Money does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Jones asks this Court to enter an order:

(A) Awarding Jones compensatory damages against Minto Money including the reasonable attorney's fees and costs incurred by Jones in the preparation and prosecution of this adversary proceeding;

(B) Awarding Jones punitive damages against Minto Money for its willful and intentional violations of the automatic stay, such damages being intended to instill in Minto Money and other creditors due respect for this court and its orders and to deter them from taking similar action against Jones and similarly situated debtors in the future;

(C) Voiding the debt owed to Minto Money by Jones; and

(D) Granting Jones any additional or different relief this court deems appropriate.

Dated: 2/2/2024                                                     Respectfully submitted,

                                                                                /s/ *John C. Larsen*
                                                                                John C. Larsen
                                                                                 Michael A. Wilkins
                                                                                Counsel for the debtor/plaintiff,
                                                                                Kiara Jones

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com